# IN THE COURT OF APPEALS OF IOWA

No. 16-0626
Filed April 19, 2017

**JAMES SCHULTZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

James Schultz appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

James Schultz appeals the district court's denial of his application for postconviction relief. On May 15, 1997, Schultz, who had turned eighteen years old five days prior, was part of a group that kidnapped a man returning home from work, stole his vehicle, transported him to Missouri, assaulted and robbed him, and left him for dead in a wooded area near Joplin. The victim was found, and although severely injured, recovered. Schultz and the others were found in the victim's car in Texas and arrested. Schultz was sentenced to two concurrent twenty-five-year sentences and a ten-year concurrent sentence. He is required to serve eighty-five percent of the sentences before he is eligible for parole.

Schultz claims the requirement to serve eighty-five percent of the sentences before becoming eligible for parole constitutes cruel and unusual punishment in violation of his Eighth Amendment rights under the United States Constitution.[1] Constitutional claims are reviewed de novo. *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998). Schultz claims his biological age did not reflect his intellectual and emotional age. He cites scientific studies concluding abuse of alcohol and some drugs, which Schultz used chronically, reduce impulse control and judgment. He claims lower impulse control and underdeveloped judgment should act to reduce Schultz's culpability and allow him to be considered a minor.

Our supreme court has found juveniles to be less culpable and long sentences for juveniles to be unduly harsh. *See State v. Null*, 836 N.W.2d 41, 52 (Iowa 2013). However, our supreme court has also held "the line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at

---

[1] No challenge was made using the Iowa Constitution.

eighteen years of age." *State v. Seats*, 865 N.W.2d 545, 556–57 (Iowa 2015). Although only five days had passed since Schultz turned eighteen, he was not a juvenile when he kidnapped, robbed, and assaulted the victim in this case, and so the punishment imposed is not cruel and unusual. We deny Schultz's request to apply additional personal factors to reduce his culpability and sentences. Pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e), we affirm.

**AFFIRMED.**